IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TQP DEVELOPMENT, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>FRONTIER AIRLINES HOLDINGS, INC.,<br><br>    Defendant. | CASE NO. 2:14-cv-572-JRG-RSP<br><br>JURY TRIAL DEMANDED |

**DEFENDANT FRONTIER AIRLINES, INC.'S ANSWER AND COUNTERCLAIMS
TO TQP DEVELOPMENT, LLC'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Frontier Airlines, Inc.[1] ("Frontier") files this Answer and Counterclaims to Plaintiff TQP Development, LLC's ("TQP's" or "Plaintiff's") Complaint for Patent Infringement ("Complaint"). Frontier denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs:

**PARTIES**

1. Frontier lacks knowledge sufficient to confirm or deny the allegations of paragraph 1 and therefore denies the same.

---

[1] The plaintiff sued the wrong entity, Frontier Airlines Holdings, Inc. That entity is a holding company and does not operate the system that is alleged to infringe the plaintiff's patent claims.

2. Frontier is a Colorado corporation with a principal place of business at 7001 Tower Road, Denver, Colorado 80249. Frontier may be served with process via its registered agent, Corporation Service Company, at 1560 Broadway Suite 2090, Denver, Colorado 80202.

## JURISDICTION AND VENUE

3. Frontier admits that the Complaint purports to set forth a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. Frontier admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

4. Frontier denies that this Court is an appropriate or convenient venue for this action and reserves the right to seek a transfer to a more convenient forum. Frontier further denies the remaining allegations of paragraph 4 of the Complaint.

5. Frontier admits that it has transacted business in this district. Frontier denies that it has committed any act of infringement within this district or any other district. Frontier otherwise denies the remaining allegations of paragraph 5 of the Complaint.

## COUNT 1 – [ALLEGED] INFRINGEMENT OF U.S. PATENT 5,412,730

6. Frontier lacks knowledge sufficient to confirm or deny that TQP is the owner by assignment of U.S. Patent No. 5,412,730 (the "'730 Patent"). Frontier admits that the face of the '730 Patent indicates that it is entitled "Encryption Data Transmission System Employing Means for Randomly Altering Encryption Keys." Frontier admits that the face of the '730 Patent indicates it issued on May 2, 1995.

Frontier admits that a purported copy of the '730 Patent is attached to the Complaint as Exhibit A. Except as expressly admitted herein, Frontier denies each and every allegation of paragraph 6.

7. Frontier denies the allegations of paragraph 7.

8. Frontier lacks knowledge sufficient to confirm or deny that all predecessors in interest to the '730 Patent complied with the marking requirements of 35 U.S.C. Section 287. Except as expressly admitted herein, Frontier denies each and every allegation of paragraph 8.

9. Paragraph 9 does not require a response by Frontier. To the extent that paragraph 9 is deemed to require a response, Frontier lacks knowledge sufficient to confirm or deny the allegations of paragraph 9 and therefore denies the same.

10. Frontier denies the allegations of paragraph 10.

11. Frontier requests that the Court deny all relief to TQP, including that requested by TQP in its Prayer for Relief.

## PRAYER FOR [ALLEGED] RELIEF

12. Frontier denies that Plaintiff is entitled to any relief from Frontier and denies all of the allegations contained in Plaintiff's Prayer for Relief.

13. To the extent that any allegations of the Complaint have not been previously specifically admitted or denied, Frontier denies them.

## AFFIRMATIVE DEFENSES

Frontier's Affirmative Defenses are listed below. Frontier reserves the right to amend its Answer to add additional Affirmative Defenses, including allegations of

3

inequitable conduct, consistent with the facts discovered in the case. Inclusion of a defense in this section is not to be construed as an admission by Frontier that the defense is an affirmative defense.

### FIRST DEFENSE

1. Frontier does not and has not infringed, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of the '730 Patent.

### SECOND DEFENSE

2. Each asserted claim of the '730 Patent is invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

### THIRD DEFENSE

3. To the extent that Plaintiff and alleged predecessors in interest to the '730 Patent failed to properly mark any of their relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that Frontier's actions allegedly infringed the '730 Patent, Frontier is not liable to Plaintiff for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the '730 Patent.

### FOURTH DEFENSE

4. To the extent that Plaintiff asserts that Frontier indirectly infringes, either by contributory infringement or inducement of infringement, Frontier is not liable to

Plaintiff for the acts alleged to have been performed before Frontier knew that its actions would cause indirect infringement.

### FIFTH DEFENSE

5. Plaintiff's attempted enforcement of the '730 Patent against Frontier is barred by laches and estoppel.

### SIXTH DEFENSE

6. The claims of the '730 Patent are not entitled to a scope sufficient to encompass any system employed or process practiced by Frontier.

### SEVENTH DEFENSE

7. The injunctive relief Plaintiff seeks is barred because, if Plaintiff is entitled to any relief, Plaintiff has an adequate remedy at law.

### EIGHTH DEFENSE

8. Plaintiff's claims for damages are statutorily limited or barred by 35 U.S.C. § 286.

### NINTH DEFENSE

9. Plaintiff's attempted enforcement of the '730 Patent against Frontier is barred by the doctrine of license by at least the TQP-Microsoft Agreement.

### TENTH DEFENSE

10. Plaintiff's attempted enforcement of the '730 Patent against Frontier is barred by the doctrine of release by at least the TQP-Microsoft Agreement.

## ELEVENTH DEFENSE

11. Plaintiff's attempted enforcement of the '730 Patent against Frontier is barred by the doctrine of patent exhaustion by at least the TQP-Microsoft Agreement.

## COUNTERCLAIMS

## PARTIES

1. Counterclaim Plaintiff Frontier Airlines, Inc. ("Frontier") is a Colorado corporation with a principal place of business in Denver, Colorado.

2. On information and belief based solely on Paragraph 2 of the Complaint as pled by Plaintiff, Counterclaim Defendant TQP Development, LLC ("TQP") is a Texas limited liability company, with its principal place of business at 719 West Front Street, Suite 244, Tyler, Texas 75702.

## JURISDICTION

3. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq,*. and 28 U.S.C. §§ 1331, 1338, 1367, and 2201-02.

4. Venue in this District is appropriate over these counterclaims because Plaintiff has consented to the propriety of venue in this Court by filing its claims for patent infringement in this Court, in response to which these counterclaims are asserted. Frontier's counterclaims herein shall not be taken as any admission that a more convenient forum does not exist under 28 U.S.C. § 1404, or that Plaintiff's choice of forum to bring its claims against Frontier was proper under 28 U.S.C. § 1400(b).

## COUNT I

## DECLARATION REGARDING NON-INFRINGEMENT

5. Based on TQP's filing of this action and Frontier's First Defense, an actual controversy has arisen and now exists between the parties as to whether Frontier infringes the '730 Patent.

6. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, Frontier requests a declaration by the Court that it does not infringe any claim of the '730 Patent under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

## COUNT II

## DECLARATION REGARDING INVALIDITY

7. Based on TQP's filing of this action and Frontier's Second Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '730 Patent.

8. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, and 35 U.S.C. § 100 *et seq.*, Frontier requests a declaration by the Court that the claims of the '730 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## PRAYER FOR RELIEF

WHEREFORE, Frontier asks this Court to enter judgment in Frontier's favor and against TQP by granting the following relief:

a) a declaration that the asserted claims of the '730 Patent are invalid;

b) a declaration that Frontier does not infringe, under any theory, any valid claim of the '730 Patent that may be enforceable;

c) a declaration that TQP take nothing by its Complaint;

d) judgment against TQP and in favor of Frontier;

e) dismissal of the Complaint with prejudice;

f) a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to Frontier of its costs and attorneys' fees incurred in this action; and

g) further relief as the Court may deem just and proper.

## JURY DEMAND

Frontier hereby demands trial by jury on all issues.

Respectfully submitted,

Dated:  July 15, 2014

*/s/ Neil J. McNabnay*
Neil J. McNabnay
Texas Bar No. 24002583
mcnabnay@fr.com
Ricardo J. Bonilla
Texas Bar No. 24082704
rbonilla@fr.com

1717 Main Street, Suite 5000
Dallas, Texas  75201
(214) 747-5070 - Telephone
(214) 747-2091 – Facsimile

Wasif Qureshi
Texas Bar No. 24048155
qureshi@fr.com
1221 McKinney St., Suite 2800
Houston, Texas 77010
(713) 654-5300 – Telephone
(713) 652-0109 – Facsimile

**Attorneys for Defendant
FRONTIER AIRLINES, INC.**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on July 15th, 2014, per Local Rule CV-5(a)(3)..

*/s/ Ricardo J. Bonilla*
Ricardo J. Bonilla